**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-2239**

———————

DANA LUSALA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-098-051)

———————

Submitted: March 25, 2005          Decided: April 13, 2005

———————

Before NIEMEYER, LUTTIG, and SHEDD, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, James A. Hunolt, N. Christopher Hardee, Barry Joyce, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dana Lusala, a native and citizen of the Democratic Republic of Congo (DRC), petitions for review of an order of the Board of Immigration Appeals (Board) affirming, without opinion, the immigration judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Because the Board affirmed under its streamlined process, the immigration judge's decision is the final agency determination. Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004). We will reverse this decision only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). We have reviewed the administrative record and the immigration judge's decision and find substantial evidence supports the conclusion that Lusala failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2004) (stating that the burden of proof is on the alien to establish eligibility for asylum); Elias-Zacarias, 502 U.S. at 483 (same).

Next, we uphold the immigration judge's denial of Lusala's application for withholding of removal. The standard for withholding of removal is "more stringent than that for asylum

eligibility." <u>Chen v. INS</u>, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 430 (1987). As Lusala failed to establish refugee status, he cannot satisfy the higher standard necessary for withholding.

Furthermore, we conclude substantial evidence supports the determination that Lusala did not establish it was more likely than not that he would be tortured if removed to DRC, <u>see</u> 8 C.F.R. § 1208.16(c)(2) (2004), and thus, that Lusala's petition for protection under the CAT was properly denied.

Accordingly, we deny Lusala's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>